**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONTUE MACK,<br><br>Defendants. | Case No. 2:12-cr-00186-APG-CWH<br><br>**Order Denying Government's Motion for Reconsideration**<br><br>(Dkt. #85) |
|---|---|

I pronounced sentence on defendant Jontue Mack on February 4, 2015. During my sentencing, I ruled that Mack's two prior Nevada convictions under NRS 205.067 (for home invasion) did not qualify as "crimes of violence" under the United States Sentencing Guidelines. I reasoned that NRS 205.067 criminalizes negligent or reckless behavior, and that I could not say convictions under this statute are typically the sort of "purposeful, violent, and aggressive" crimes that trigger the "crime of violence" definition under the sentencing guidelines.

The government asks me to reconsider whether Mack's convictions under NRS 205.067 qualify as crimes of violence. The government raises two arguments: (1) NRS 205.067 has an implicit intent requirement and (2) there is insufficient evidence that NRS 205.067 "ordinarily" reaches non-intentional conduct.

Neither of these arguments is availing. The sparse Nevada case law interpreting this statute confirms that NRS 205.067 punishes non-purposeful conduct. The government's approach would require me to assume a conviction under NRS 205.067 punishes intentional conduct despite the absence of any Nevada decision requiring a defendant to have acted intentionally. Under the case law of the United States Supreme Court and this Circuit, I find that a conviction under NRS 205.067 does not qualify as a crime of violence for purposes of the

sentencing guidelines. And to the extent there is any ambiguity as to whether the crime of violence definition applies to NRS 205.067, the rule of lenity further supports my interpretation.

The government has not established any "clear error" warranting that I revisit my sentencing decision. I therefore deny the motion.

## I. LEGAL STANDARD: SENTENCING RECONSIDERATION

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'"[1] Rule 35 permits me to modify a sentence only "in very limited instances and not merely to 'reconsider' sentencing issues."[2] I may "correct obvious sentencing errors" but I may not "reconsider," "change [my] mind," or "reopen issues previously resolved under the guidelines."[3] That said, I may reconsider a sentence where clear error has been made.[4]

## II. ANALYSIS

The government's sole objection is that I was wrong in finding that Mack's home invasion conviction did not qualify as a "crime of violence" under the sentencing guidelines. A "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

---

[1] 18 U.S.C. § 3582(c); *United States v. Penna*, 319 F.3d 509, 511 (9th Cir.2003); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir.1996), cert. denied, 520 U.S. 1180, 117 S.Ct. 1457, 137 L.Ed.2d 561 (1997); *United States v. Barragan–Mendoza*, 174 F.3d 1024, 1028 (9th Cir.1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011).

[2] *United States v. Barragan–Mendoza*, 174 F.3d 1024, 1028 (9th Cir.1999); *United States v. Portin*, 20 F.3d 1028 (9th Cir. 1994).

[3] *United States v. Aguirre,* 214 F.3d 1122, 1126 (9th Cir.2000).

[4] *Id.; see also United States v. Sickels*, No. 2:09-CR-00385-GMN, 2011 WL 1526979, at *2 (D. Nev. Apr. 20, 2011).

2

>   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[5]

The catch-all category for other convictions that "involve[] conduct that presents a serious potential risk of physical injury to another"—referred to as the "residual clause"—is at issue in this case.

When determining whether a state crime is a crime of violence under the residual clause, two steps are taken: (1) apply the divisibility test to the state statute to determine what elements the defendant was convicted of, and then (2) apply a two-prong test to determine both whether the crime is sufficiently dangerous in the "ordinary course" and whether the crime is "roughly similar, in kind as well as in degree of risk posed to those offenses enumerated at the beginning of the residual clause."[6]

Here, the parties do not dispute my application of the divisibility test to NRS 205.067. I thus proceed to consider whether "(1) the conduct encompassed by the elements of the [NRS 205.067] offense, in the ordinary case, presents a serious potential risk of physical injury to another, and (2) the state offense is roughly similar, in kind as well as in degree of risk posed to those offenses enumerated at the beginning of the residual clause"—burglary of a dwelling, arson, extortion, and crimes involving explosives.[7]  I must consider the statute categorically, "not in terms of how an individual offender might have committed [the crime] on a particular occasion."[8]

---

[5] U.S.S.G. § 2K2.1(a); U.S.S.G. § 4B1.2(a); *see also United States v. Park*, 649 F.3d 1175, 1177 (9th Cir. 2011).

[6] *United States v. Cisneros*, 763 F.3d 1236, 1239 (9th Cir. 2014).

[7] *Id.*

[8] *Begay v. United States*, 553 U.S. 137 (2008).

3

Even if I assume a conviction under NRS 205.067 ordinarily presents a serious risk of danger under the first prong,[9] I cannot find that it is roughly similar, in kind as well as in degree of risk posed, to the enumerated offenses. Given the well-documented ambiguities inherent in the crime of violence definition, my interpretation is further supported by the rule of lenity.

### A. Whether a conviction under NRS 205.067 is roughly similar, in kind as well as in degree of risk posed, to the enumerated offenses.

In *Begay v. United States*, 553 U.S. 137 (2008) the Supreme Court explained that regardless of the amount of danger a state crime poses, only "purposeful, violent, and aggressive" crimes qualify as "violent felonies" or "crimes of violence." This "purposeful, violent, and aggressive" limitation ensures the residual clause does not extend to crimes that, although dangerous, "are not typically committed by those whom one normally labels armed career criminals."[10] Generally, courts have interpreted *Begay* to mean that a state statute that punishes strict liability, negligence, or recklessness does not qualify as a "crime of violence."[11]

---

[9] At Mack's sentencing hearing I assumed that NRS 205.067 poses a substantial risk of injury to others and ruled on the grounds that NRS 205.067 does not qualify under the second prong of the *Begay* test. But I am not certain that a conviction under NRS 205.067 ordinarily poses a substantial risk of injury to others. There is very little case law applying NRS 205.067. From the face of the statute, relatively minor crimes such as minor vandalism are criminalized. As explained below, convictions have been upheld under this statute when a defendant merely kicked a door and bent a screen. In another case, kicking a bedroom door was enough for a conviction. Considering how broadly Nevada courts have applied this statute, and the lack of any requisite intent or knowledge, I cannot say that a conviction "ordinarily" poses a substantial risk of injury to others.

[10] *Begay v. United States*, 553 U.S. 137, 155 (2008).

[11] *See, e.g., United States v. Spencer,* 724 F.3d 1133, 1139 (9th Cir. 2013) cert. denied, 135 S. Ct. 51, 190 L. Ed. 2d 54 (2014) (holding that the "purposeful, violent, and aggressive formulation is only dispositive in cases involving a strict liability, negligence, or recklessness offense."). Equating "purposefulness" with "specific intent" is likely attributable to the fact that specific intent crimes historically correspond to "purposeful" behavior. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000). This focus on whether a statute includes a specific intent element was confirmed recently in *Sykes v. United States*, 131 S. Ct. 2267, 2269, 180 L. Ed. 2d 60 (2011).

In *Sykes v. United States*, 131 S. Ct. 2267, 2269, 180 L. Ed. 2d 60 (2011), the Supreme Court narrowed the "purposeful, violent, and aggressive" test, holding that in cases involving statutes with stringent *mens rea* requirements, the "purposeful, violent, and aggressive" limitation is not dispositive. The *Sykes* decision does not appear to have overruled *Begay's* "purposeful" requirement,[12] it simply limited the *"purposeful"* rule to statutes that do not contain an intent element:

> [In *Begay*] the Court stated that DUI is not purposeful, violent, and aggressive. . . . But the Court also gave a more specific reason for its holding. "[T]he conduct for which the drunk driver is convicted (driving under the influence) need not be purposeful or deliberate," . . . (analogizing DUI to strict-liability, negligence, and recklessness crimes). By contrast, the Indiana statute at issue here has a stringent mens rea requirement. Violators must act "knowingly or intentionally. . . . *Begay* involved a crime akin to strict liability, negligence, and recklessness crimes; and the purposeful, violent, and aggressive formulation was used in that case to explain the result. The felony at issue here is not a strict liability, negligence, or recklessness crime."[13]

Before and after *Sykes*, courts continue to hold that non-intentional crimes (including strict liability, negligence, and recklessness) still trigger the "purposeful" test.[14]

---

[12] Most courts appear to recognize that the *Begay* "purposeful" test still applies where a state statute punishes strict liability, negligence, or recklessness. *See, e.g., United States v. Spencer, 724 F.3d 1133, 1139* (9th Cir. 2013) cert. denied, 135 S. Ct. 51, 190 L. Ed. 2d 54 (2014); *United States v. Meeks*, 664 F.3d 1067, 1069 (6th Cir. 2012); *United States v. Watson*, 650 F.3d 1084, 1093 (8th Cir.2011); *United States v. McMurray*, 653 F.3d 367, 376 n. 9 (6th Cir.2011) ("Nevertheless, the Court indicated that the *Begay* standard remains applicable when the felony is a strict liability, negligence, or recklessness crime."); *United States v. Armijo*, 651 F.3d 1226, 1237 n. 14 (10th Cir.2011); *United States v. Hill*, 645 F.3d 900, 910 (7th Cir.2011).

[13] *Id.; United States v. Spencer,* 724 F.3d 1133, 1139 (9th Cir. 2013) cert. denied, 135 S. Ct. 51, 190 L. Ed. 2d 54 (2014); *United States v. Coronado*, 603 F.3d 706, 710 (9th Cir. 2010) ("[C]rimes with a *mens rea* of gross negligence or recklessness do not satisfy *Begay's* requirement of purposeful conduct.").

[14] *See, e.g., Spencer,* 724 F.3d at 1139 (holding that the "purposeful, violent, and aggressive formulation is only dispositive in cases involving a strict liability, negligence, or recklessness offense").

NRS 205.067 states that "[a] person who, by day or night, forcibly enters an inhabited dwelling without permission of the owner, resident or lawful occupant, whether or not a person is present at the time of the entry, is guilty of invasion of the home." "'Forcibly enters' means the entry of an inhabited dwelling involving any act of physical force resulting in damage to the structure."[15]

There is no *mens rea* requirement on the face of this statute. If an individual enters any dwelling, whether a person is present or not, and any damage occurs to the dwelling (however slight) a home invasion has occurred regardless of what the defendant intended.[16]

Nor does case law indicate there is any required *mens rea* under this statute. In *Servin v. State*, 117 Nev. 775, 789, 32 P.3d 1277, 1287 (2001), the Nevada Supreme Court explained that NRS 205.067 "does not necessitate the showing of entry with a specific intent to commit a crime" and that a defendant is guilty under the statute if she merely "forcibl[y] ent[ers] . . an inhabited dwelling without permission." In *Selig v. State*, No. 60180, 2012 WL 5719371, at *1 (Nev. Nov. 14, 2012), the Nevada court upheld a conviction under NRS 205.067 based solely on the fact that a defendant had kicked a door and bent the screen. I have not located a single instance where a Nevada court has inquired whether a defendant acted intentionally under NRS 205.067.[17]

---

[15] N.R.S. 205.067(5)(a). An "inhabited dwelling" includes a variety of dwelling places such as a house, room, apartment, tent, etc. *Id.*

[16] There is some authority to suggest home invasion in Nevada is a general intent crime. But, as explained below, Nevada case law does not appear to require any state of mind for a conviction. In addition, even if home invasion is a general intent crime, reckless conduct would still be included. *See United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991). Moreover, the Ninth Circuit has found general intent crimes to not qualify as crimes of violence when there is no requisite intent to do harm. *See United States v. Coronado*, 603 F.3d 706, 711 (9th Cir. 2010).

[17] Unfortunately, there are no Nevada model criminal jury instructions detailing what a prosecutor must prove for a conviction under the statute.

The government seems to argue that NRS 205.067 has an implied intent requirement. It argues that "with the exception of strict liability offenses, a mistake of fact that disproved criminal intent negates criminal liability under Nevada statutory law," citing to N.R.S. 194.010(4). But N.R.S. 194.010(4) applies only to statutes "where a specific intent is required to constitute the offense." That is not the case here. There is no indication the reasonable mistake defense would apply to NRS 205.067 (which has no specific intent requirement). Moreover, even if reasonable mistake was a defense to a crime under NRS 205.067, this would only foreclose negligence, it would not affect whether the statute criminalizes recklessness.[18]

The government also argues that my crime of violence determination improperly relied on the hypothetical risk that NRS 205.067 could possibly reach negligent behavior.[19] But my hypothetical was meant only to illustrate the statute's general operation. Ultimately, looking to the sparse Nevada case law interpreting NRS 205.067, as well as to the statute's plain language, I cannot find that a conviction under NRS 205.067 typically reaches purposeful, aggressive, and

---

[18] The government also cites to *Honeycut v. State*, 118 Nev. 660 (2002) for the proposition that sexual assault, a general intent crime, does not apply where a defendant made a reasonable mistake. But Nevada courts have interpreted an intent requirement into their sexual assault statute (unlike home invasion) and, regardless, this has no impact on whether the home invasion statute criminalizes reckless conduct. *Honeycut*, 118 Nev. at 665 ("Thus, *because a perpetrator's knowledge of lack of consent is an element of sexual assault. . . .*").

[19] It is unclear whether the government must prove that a statute "typically" punishes purposeful conduct, or whether it must prove a statute "necessarily" punishes purposeful conduct. The Ninth Circuit has used the latter phrasing: "The question here therefore becomes whether a person convicted [under the state statute] . . . necessarily engaged in conduct that was 'purposeful, violent, and aggressive.'" *United States v. Coronado*, 603 F.3d 706, 713 (9th Cir. 2010). Some cases preceding the *Coronado* decision require only that a state statute "typically" involves purposeful conduct. *See, e.g., Begay,* 553 U.S. at 145. The *Coronado* court went on to hold that, because the statute in that case reached negligent or reckless conduct, "and crimes with a *mens rea* of gross negligence or recklessness do not satisfy *Begay's* requirement of 'purposeful' conduct," the conviction could not qualify as a crime of violence.

violent conduct.[20]  No Nevada case I can find has required any sort of *mens rea* for a conviction under NRS 205.067.  The government asks me to assume there is an intentional element and that Nevada courts typically only punish intentional behavior—but there is no evidence this is the case.  If the evidence shows a defendant has committed the act of kicking a door to a dwelling, he is guilty of home invasion regardless of his state of mind.[21]  The statute punishes, in the typical case, reckless vandalism or reckless entry even if the defendant is unaware (but should be) that he does not have permission to enter.  In contrast, every federal case I have located that found the "purposeful" requirement satisfied involved a statute with some form of express intent requirement.[22]

The Eleventh Circuit in *United States v. Owens*, 672 F.3d 966 (11th Cir. 2012)—decided after *Sykes*—faced a situation similar to this case.  A defendant's prior state conviction was for sex-related crimes and the government sought the crime of violence enhancement.  The Eleventh Circuit held that the prior conviction could not qualify because the offense "contain[ed] no *mens rea* requirement" and thus there was no way for the court to determine that under state law a violation typically involves "purposeful, violent, and aggressive behavior."[23]

---

[20] And as noted above, all evidence indicates that the statute at least punishes reckless conduct.  The *Begay* analysis is therefore applicable.

[21] *Selig*, No. 60180, 2012 WL 5719371, at *1.

[22] *See, e.g., Sykes*, 131 S. Ct. at 2269; *United States v. Ford*, 613 F.3d 1263, 1272 (10th Cir. 2010) ("First, the statute requires intentional conduct, which satisfies *Begay's* requirement that the crime be purposeful. . . .*Begay* equates purposeful with deliberate or intentional."). *But see United States v. Williams*, 537 F.3d 969, 974-75 (8th Cir. 2008) (auto theft is not purposeful and thus not a crime of violence); *United States v. Johnson*, 376 F. App'x 205, 207 (3d Cir. 2010) (finding a conviction for threats could not be a crime of violence because the offense required a "minimum mens rea of recklessness rather than intent"); *United States v. Vanhook*, 640 F.3d 706, 715-16 (6th Cir. 2011).

[23] *United States v. Owens*, 672 F.3d 966, 972 (11th Cir. 2012).

This case is also similar to *United States v. Coronado,* 603 F.3d 706, 711 (9th Cir. 2010), in which the Ninth Circuit considered whether a firearm discharge statute qualified as a crime of violence. The court pointed out that the statute required that the defendant intentionally fire a weapon, but that it did not require any sort of *mens rea* to commit harm. Accordingly, the Ninth Circuit held that it did not qualify as a "crime of violence."[24]

Because the plain language of NRS 205.067 extends to merely negligent or reckless conduct,[25] because there are so few cases applying the statute, and because Nevada courts do not appear to require a defendant to have any sort of intent, I cannot find that a conviction under NRS 205.067 typically requires purposeful, aggressive, and violent conduct. A conviction under NRS 205.067 therefore does not qualify as a crime of violence.

**B. Rule of lenity**

Given the ambiguity of the residual clause's application here, the rule of lenity further supports my decision. The rule of lenity applies to the sentencing guidelines.[26] At the least, the residual clause's application to Nevada's home invasion statute is ambiguous. Justice Scalia has discussed the residual clause's ambiguous application to state statutes. In his dissent in *Sykes*, Justice Scalia goes so far as to suggest the residual clause is void for vagueness:

> [I]nstead of producing a clarification of the Delphic residual clause, today's opinion produces a fourth ad hoc judgment that will sow

---

[24] *Id.*

[25] As explained above, the *Begay* "purposeful, aggressive, and violent" inquiry is proper because all the relevant authority indicates that NRS 205.067 punishes negligent or reckless conduct.

[26] *United States v. Fuentes-Barahona*, 111 F.3d 651, 653 (9th Cir. 1997) (If U.S.S.G. § 2L1.2 is unclear as to the applicability of the November 29, 1990, effective date, we must accord defendants the benefit of the doubt."); *United States v. Martinez*, 946 F.2d 100, 102 (9th Cir.1991) (noting that "the rule of lenity requires that we infer the rationale most favorable to the [defendants] and construe the guidelines accordingly"); *United States v. Helmy*, 951 F.2d 988, 996 (9th Cir.) (stating the general rule that ambiguities in criminal statutes must be resolved in favor of lenity).

9

> further confusion. . . . We should admit that . . . [the residual provision is a drafting failure and declare it void for vagueness. . . . What does violate the Constitution is approving the enforcement of a sentencing statute that does not "give a person of ordinarily intelligence fair notice" of its reach.[27]

While I do not go so far as to find the residual clause void for vagueness, the combination of the residual clause and NRS 205.067—which is ambiguous as to the intent required—creates a grievous ambiguity. If there is any question about whether NRS 205.067 fits within the residual clause, this is an ambiguity that should be interpreted in favor of the defendant.

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Government's motion (Dkt. #85) is DENIED.

DATED THIS 18th day of February, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[27] *Sykes*, 131 S. Ct. at 2287.